Wright, J.,
delivered tbe opinion of tbe Court.
We have been unable to find any ground upon which the' decree of tbe Chancellor, in this cause, can stand.
*118 The defendants, in their answers, deny positively and with great particularity, the fraud charged in the bill. Interrogatories are put to them, and they are made witnesses, and answer in detail. They show that they purchased the land in dispute, of their father, in 1846, took deeds for it, had them duly proved and registered, and that they paid the purchase money, which was its full value. That they took immediate possession; have made lasting and valuable improvements; and have lived upon and held the land ever since as their own, and aver their ability, at the time, to purchase and pay for it. They state, in detail, when and how they paid for it, naming sundry creditors of their father, to whom they had made payments by his. direction.
Their answers are fully sustained by the proof. And without reviewing it, we are satisfied that these purchases were fair, and free of fraud in fact. The complainant has failed, in any way, to weaken these answers, or to lessen the force of the defendants proof.
But it is argued, that these purchases were made upon a credit of one, two and three years, in instal-ments, and that such delay in the payments, of necessity, hinder and delay the creditors of Abraham Carson, and render the deeds fraudulent in law.
This position cannot be maintained.
It is not pretended that these credits are excessive, or unreasonable in fact, nor could it be so insisted. It is true, that in Mitchel v. Beal, 8 Yer., 134, it was decided, that a deed of trust which included all the property of the debtor, which was of twice the value of the debt secured, and the time of indulgence was three years, with no annual payments stipulated for, and. the *119 possession and nse of the property, for that time, expressly reserved to the debtors, and put beyond the control of the trustees; and power given them to sell it on a credit of three years, with no other restriction, but that they should pay the proceeds to the .trustees, • was held fraudulent. But that case has no application to this. It was afterwards reviewed and examined in Bennett et al v. The Union Bank et al, 5 Hum., 612, where it was decided, that a deed of trust, in which indulgence was given to the debtor, in instalments of from one to five years, was not necessarily fraudulent.
The case of Hendricks v. Robinson, 2 Johns. Ch. Rep,, 299, to which we have been referred, was one of actual fraud, and in its facts, entirely unlike this.
It is suflicient for us to say, that these are absolute sales, in which, in our judgment, there is nothing unfair or unusual, and that the purchase money has actually been paid and applied, most, if not all of it, to Abraham Carson’s debts, prior to the filing of complainant’s bill.
Some use is sought to be made of the declarations of Abraham Carson, that he did not expect to pay the debt to complainant; but, if made after these sales, situated as the case is, they would be inadmissible evidence against the defendants; and if admissible and received, could not change the result.
Decree reversed, and bill dismissed.